UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | )  11-3151 |
| v. | ) |
| | ) |
| JACQUELINE MITCHELL, | ) |
| ALFREDA KIBBY, AND | ) |
| MICHAEL BEDNARZ, | ) |
| | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, is detained in the Rushville Treatment and Detention Center.  He pursues claims for deliberate indifference to his dental needs.   Now before the Court are Defendants' motions for summary judgment.  Too many questions remain for the Court to determine whether a trial is necessary.  Therefore, the motions will be denied with leave to renew.

SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(B).  If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists.  Id.; Harvey v. Town of Merrillville, 649 F.3d 526, 529 (7th Cir. 2011).  "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." McAllister v. Price, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant.  Id.

## ANALYSIS

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. Defendant Dr. Mitchell is the only dentist providing services to nearly 500 residents at the facility. According to Plaintiff, Dr. Mitchell's contract requires her to work 15 hours per week at the facility. In addition to working at Rushville, Dr. Mitchell also works 40 hours per week providing dental services to inmates at Stateville Correctional Center.

Dr. Mitchell triages her patients at Rushville based on need. Residents with emergencies are treated first. All others are treated on a rotating basis. Plaintiff asserts that Dr. Mitchell has complained to Plaintiff that she "has too many patients and cannot see them all." (Pl.'s Response, Additional Mat'l Fact 19.) Dr. Mitchell's hours at Rushville are set by contract, but she does not address whether she may refer a resident to a dentist outside the facility for treatments such as fillings if she is unable to timely perform those fillings.

Dr. Mitchell's motion for summary judgment details her treatment of Plaintiff for over 11 years, back to January 24, 2001,

when she first saw Plaintiff, through her treatment of Plaintiff in February 2012. Defendants argue that the statute of limitations bars any claims arising from dental care provided more than two years before Plaintiff filed this case on May 25, 2011. However, the Court does not decide the question at this time because Defendants do not address whether or how the continuing violation doctrine applies. See Heard v. Sheahan, 253 F.3d 316, 320 (7th Cir. 2001)(Under the continuing violation doctrine, the date of accrual is when the continuing deliberate indifference ceases).

Dr. Mitchell also does not address Plaintiff's dental needs after February 2012, arguing that Plaintiff's current dental needs are not relevant. However, Plaintiff's Complaint alleges an ongoing lack of dental care and he seeks injunctive relief, so Plaintiff's dental needs from May 25, 2009, up to the date that Dr. Mitchell filed her amended affidavit are relevant. Plaintiff testified in his deposition that sometimes when he wakes up, his face feels like it is "on fire" and he has a lot of "pressure in [his] gums." (Pl.'s Dep. pp. 24-25.)

As to Plaintiff's dental needs which Dr. Mitchell does address, the Court cannot rule out an inference of deliberate indifference on the current record. Deliberate indifference to Plaintiff's serious

dental needs violates Plaintiff's Fourteenth Amendment due process rights. Board v. Farnham, 394 F.3d 469, 480 (7th Cir. 2005)("At the outset, we reiterate our view that 'dental care is one of the most important medical needs of inmates.'")(quoted cites omitted).

Dr. Mitchell avers:

> Obviously, Mr. Lewis has dental issues. Due to Mr. Lewis' lack of dental hygiene, several of his teeth have cavities. Further, several of his teeth have decayed beyond repair and have required extraction.
>
> While Mr. Lewis does have dental issues, none of them are emergent in nature at this time. Likewise, none of his dental issues were emergent in nature during the relevant time period.

(Dr. Mitchell's Amended Aff. paras. 72-73.)

Dr. Mitchell does not define an "emergent" condition. A condition does not have to be a medical emergency in order to amount to a serious medical need under the Constitution. If a cavity is severe enough that failure to treat it causes unnecessary and prolonged pain or worsens tooth decay, then the cavity presents a serious, if not emergent, medical need. *See* Berry v. Peterman, 604 F.3d 435 (7th Cir. 2010)(failure to treat tooth decay that caused serious pain supported claim for deliberate indifference). "A significant delay in effective medical treatment . . .

may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." Id. at 441.  Dr. Mitchell does not explain what a reasonable time line would be, within accepted professional judgment, for treating Plaintiff's non-emergent dental needs like cavities.  She does not address whether the delays contributed to the further decay of Plaintiff's teeth.  Nor does she address whether the delays caused Plaintiff pain and suffering.  A juror does not need dental training to know that long delays in filling cavities can cause unnecessary pain and suffering or that a cavity tends to worsen over time without treatment.  In short, Dr. Mitchell does not address whether, in her professional judgment, the delays were acceptable delays or whether the delays caused Plaintiff harm, which would include pain, suffering, and the worsening of Plaintiff's condition.

If the delays in treatment did cause Plaintiff harm, Dr. Mitchell would not be deliberately indifferent if she had no authority to arrange for faster treatment.  See Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir.1997) ("officials do not act with 'deliberate indifference' if they are helpless to correct the protested conditions").  But the Court cannot draw that conclusion because Dr. Mitchell does not

6

address why she did not refer Plaintiff outside the facility, whether she informed her employer or DHS administrators that more dental help was needed to timely address resident's needs, or whether she had any influence on the number of hours of dental services provided to residents.

    Nor do Defendants Bednarz and Kibby address whether they were informed of systemic delays in providing needed dental treatment to residents or of specific delays in treating Plaintiff. They do not address whether they have any authority over the number of dental service hours provided to residents or whether they have any authority to send residents out for dental care. Their affidavits are not in the record. The motion for summary judgment by Bednarz and Kibby relies primarily on the argument that Dr. Mitchell was not deliberately indifferent. Since the Court cannot determine whether Dr. Mitchell was deliberately indifferent, the motion by Defendants Bednarz and Kibby must be denied.

IT IS THEREFORE ORDERED:

    1) Defendant Dr. Jacqueline Mitchell's motion for summary judgment is denied (d/e 42).

2) The motion for summary judgment by Defendants Bednarz and Kibby is denied (d/e 46).

3) Defendants may renew their motions for summary judgment by March 29, 2013.

4) A final pretrial conference is scheduled for August 26, 2013, at 1:30 p.m.. Plaintiff shall appear by video conference. Defense counsel shall appear in person. The parties are directed to submit an agreed, proposed final pretrial order at least seven days before the final pretrial conference. Defendant bears the responsibility of preparing the proposed final pretrial order and mailing the proposed order to Plaintiff to allow Plaintiff sufficient time to review the order before the final pretrial conference. See CD-IL Local Rule 16.3.

5) The clerk is directed to issue a video writ to secure Plaintiff's appearance at the final pretrial conference.

6) The proposed final pretrial order must include the names of all witnesses to be called at the trial and must indicate whether the witness will appear in person or by video conference. Nonparty witnesses who are detained will testify by video. Other nonparty witnesses may appear by video at the Court's discretion. The

proposed pretrial order must also include the names and addresses of any witnesses for whom trial subpoenas are sought. The parties are responsible for timely obtaining and serving any necessary subpoenas, as well as providing the necessary witness and mileage fees. Fed. R. Civ. P. 45.

7) The exhibit section of the proposed final pretrial order must list by number all the exhibits a party may seek to introduce at the trial and give a short description of the exhibit. (For example, "Plaintiff's Ex. 1: 11/10/12 health care request"). The parties must prepare their own exhibits for introduction at the trial, marking the exhibits with the same number that is on the list submitted to the Court. Exhibits that are introduced at trial will be kept in the Court record. Therefore, the party offering the exhibit is responsible for making a copy of the exhibit to keep for the party's own records. Additionally, the parties are directed to exchange copies of their marked exhibits at least ten days before the final pretrial conference. If a party intends to object to the introduction of a proposed exhibit, that party must provide the Court a copy of the exhibit and an explanation of the grounds for objection at least five

business days before the final pretrial conference.  Objections will be argued orally at the final pretrial conference.

    8) The Court will circulate proposed jury instructions, a statement of the case, and proposed voir dire questions prior to the final pretrial conference, for discussion at the final pretrial conference.  Proposed additional/alternate instructions and voir dire questions must be filed five business days before the final pretrial conference.  The jury instructions, statement of the case, and voir dire questions will be finalized at the final pretrial conference, to the extent possible.

    9) The parties must prepare their own exhibits for introduction at the trial, marking the exhibits with the same number that is on that party's exhibit list in the final pretrial order.  Exhibits that are introduced at trial will be kept in the Court record.  The party offering the exhibit is responsible for making a copy of the exhibit to keep for the party's own records. Additionally, the parties are directed to exchange copies of their marked exhibits at least ten days before the final pretrial conference.  If a party intends to object to the introduction of a proposed exhibit, that party must provide the Court a copy of the exhibit and an explanation of the grounds

for objection at least five business days before the final pretrial conference.  Objections will be argued orally at the final pretrial conference.

    10) Motions in limine are to be filed at least five business days before the final pretrial conference, to be argued orally at the final pretrial conference.

    12) The date for the jury selection and the jury trial will be determined at the final pretrial conference.  In light of the Court's busy trial calendar, the parties are reminded that they may consent to a trial before Magistrate Judge Cudmore.  28 U.S.C. § 636(c)(1)(parties may consent to full time Magistrate Judge conducting "any or all proceedings in a jury or nonjury civil matter). Consent is completely voluntary: the parties are "free to withhold consent without adverse substantive consequences."  28 U.S.C. § 636(c)(3).

ENTER:

FOR THE COURT:

                              **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE